(No. 2329—

CHARLES F. MILLS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*
*Rehearing denied November 12, 1935.*
*Motion to set aside order denied May 12, 1935.*

FRANK R. EAGLETON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein was appointed an "Industrial Officer in the Department of Labor" of the State of Illinois on April 29, 1930, and continued to serve as such until his successor was appointed and qualified on February 1, 1933. During his service as such industrial officer he received payment of his salary at regular intervals on the basis of Five Thousand Dollars ($5,000.00) per year. He now claims that as such officer he was entitled to a salary of Six Thousand Dollars ($6,000.00) per year, and he seeks an award for such alleged unpaid deficiency in the sum of Two Thousand Seven Hundred Fifty Dollars ($2,750.00.) Claimant contends that he is justified in his demand by reason of the fact that the salary of all industrial commisisoners was fixed by Section 14 of the Workmen's Compensation Act at Six Thousand Dollars ($6,000.00) per year at the time of his appointment, and that it was due to the fact that the 56th General Assembly appropriated only Five Thousand Dollars ($5,000.00) per annum, (Session Laws 1931, Page 131 and Session Laws 1933, Page 134); and that he was paid on the latter basis.

The Civil Administrative Code became effective July 1, 1917, and thereafter the Code, and not the Workmen's Compensation Act, controlled as to the salary of members of the Industrial Commission. The Code as in force at the time of claimant's appointment on April 29, 1930 became effective as to such appointment.

Section 5 of the Code (Laws of 1929, p. 749) provides as follows:

"In addition to the Directors of Departments the following * * * shall hold offices, hereby created and designated as follows: * * *

"In the Department of Labor * * *

"The Industrial Commission, which shall consist of five Industrial Officers, one of whom shall be designated as Chairman."

Section 9 of the Civil Code (Laws of 1929, p. 751) provides as follows:

"The Executive and Administrative Officers, whose offices are created by this Act shall receive salaries, payable in equal monthly installments as follows:

"In the Department of Labor * * * each Industrial Officer shall receive $5,000.00 except the Chairman who shall receive $6,000.00."

The Civil Code and not the Workmen's Compensation Act apparently controls and fixes the salaries of Industrial

Officers, and the salaries are there fixed at Five Thousand Dollars ($5,000.00) per year. As claimant has received the full sum of Five Thousand Dollars ($5,000.00) per year for his service as an Industrial Officer, and has apparently been paid the full amount of salary fixed by law, an award herein must be denied; an award is denied and the claim dismissed accordingly.

## OPINION ON REHEARING.

*Per Curiam:*

After a careful consideration of the petition for a rehearing and the record, in the above entitled case, we find nothing therein that was not carefully considered and passed on by the court in the original opinion in this cause.

The decision heretofore rendered is found to be in accordance with the law and the facts and is hereby affirmed, and the petition for rehearing is denied.

## OPINION DENYING MOTION TO SET ASIDE ORDER DENYING PETITION FOR REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed February 19, 1934 for Two Thousand Seven Hundred Fifty ($2,750.00) Dollars, alleged by claimant to be due him for the difference in salary received by him and that which he claims to have been due, as an Industrial Officer in the Department of Labor. An award was denied herein on September 11, 1935. A petition for rehearing was filed, and on November 12, 1935 said petition for rehearing was denied. On September 8, 1936 claimant filed his motion to vacate the order denying a rehearing.

Under Rule 34 of the Court of Claims neither the claimant nor the respondent is permitted to file more than one application or petition for rehearing. Objection by the Attorney General is urged to the pending motion, on the ground that in effect it is an evasion of the above rule. The court is inclined to agree with counsel for respondent, but prefers to rule directly upon the motion.

Claimant was appointed an Industrial Officer in the Department of Labor on April 29, 1930, and qualified on May 1, 1930, and continued to serve until February 1, 1933, during

which term of office he was paid a salary at the rate of Five Thousand ($5,000.00) Dollars per year. In his complaint he bases his claim under a contention that the Workmen's Compensation Act fixed the salary for such office at Six Thousand ($6,000.00) Dollars per annum, but that notwithstanding this, the Legislature only appropriated the sum of Five Thousand ($5,000.00) Dollars per annum for such salary. Prior to July 1, 1929 the Civil Administrative Code fixed the salary of Industrial Officers at Six Thousand ($6,000.00) Dollars, and the salary of the Chairman thereof at Seven Thousand ($7,000.00) Dollars per annum. The statute further provided that such Commissioners should hold office for a term of two years from the 3rd Monday in January of each odd numbered year, and until his successor was appointed and qualified. (Cahill Ill. Rev. Statutes, 1927—Chap. 24 (a), Secs. 9 and 13.) This statute was amended, effective July 1, 1929 to provide that the salary should be Five Thousand ($5,000.00) Dollars for Commissioners and Six Thousand ($6,000.00) Dollars per annum for the Chairman and that the terms of such Commissioners should expire July 1, 1929 and when their successors were appointed and qualified, and that such successors should hold office until the third Monday in January, 1931—and until their respective successors are appointed and qualified. (Cahill Ill. Rev. Statutes, 1929, Chap. 24 (a), Secs. 9 and 13.) Claimant contends that he began his service as a part of that term of office which commenced on the third Monday in January, 1929; that that term did not expire until the third Monday in January, 1931, and since he was not reappointed at the latter date, but continued in office until February, 1933 that such service was one continuous term from the third Monday in January, 1929, and that the change in salary, effective July 1, 1929 would not affect him, as it would constitute a reduction of salary during his term of office.

As above recited, the terms of Commissioners who were serving prior to July 1, 1929, were made to terminate at the latter date, or when their successors were appointed and qualified. The record does not disclose whether claimant's predecessor terminated his service July 1, 1929 or continued to serve until claimant was appointed on April 29, 1930, but in either event the Legislative enactment, effective July 1, 1929, fixing the future salary of Commissioners at Five Thou-

sand ($5,000.00) Dollars would not be a reduction of salary "during the term of office" of one who was appointed on or subsequent to July 1, 1929. The "term" of plaintiff, by the amended statute began July 1, 1929. The rules concerning a continuation of salary payments at established rates to officers during a period of "holding over" do not warrant such payments to claimant in this case, under the wording of Section 13 of the Civil Administrative Code above referred to. Claimant's official term began July 1, 1929, and by the statute effective as of that date the Commissioners' salary was fixed at Five Thousand ($5,000.00) Dollars.

Claimant's motion will be denied not only because of the foregoing, but for the further reason that it is apparent from the record he accepted his salary from month to month as issued to him by monthly warrants of the State of Illinois, which on their face cover the period of service for which salary was thereby paid. The *State Finance Act of Illinois* contains the following provisions:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purposes or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made."

*Item 3, Sec. 9, State Finance Laws as Amended, 1923.*

"When an appropriation is made for personal service for specific positions at a fixed rate or at a rate not to exceed a certain amount the incumbents of such positions at the time the appropriation law goes into effect shall be paid at such rate in full and a smaller rate may be paid to persons entering upon the duties of such positions after such appropriation law goes into effect."

*Item 5, Sec. 9, State Finance.*

We believe this statute to be effective and that claimant cannot accept salary warrants, purporting to cover the full amount due him for services during stated periods, and thereafter when his active service has ended, legally claim an award from the State for an additional amount for those periods for which he has apparently been paid for services in full. The motion is denied and cause stricken.