(No. 3575— ▮▮▮▮▮▮

BENJAMIN RICHARD GHOLSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1941.*

GEORGE C. DIXON and JOHN DIXON, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

FISHER, J.

The claimant, Benjamin Richard Gholson, was an employee of the Department of Public Welfare and was employed in the capacity of farm laborer at the Dixon State Hospital at Dixon, Illinois, from August 27, 1934, to December 18, 1939; that during this entire period of time the claimant appeared continuously on the payroll of said institution except for seven days when he was off duty in December, 1937, as the result of a suspension, and ten days when he was off duty in July, 1938, because of a leave of absence, without pay; that the warrants for payment of salary or wages received by the claimant covering the period from August 27, 1934, to December 18, 1939, covered each and every day during that period except the seven days in December, 1937, and the ten days in July, 1938, by the dates shown on the face of the respective successive warrants.

He now claims that he worked an extra half day each week during this period for which he was not paid, and has filed a claim for $353.73 for this extra work.

Section 19, Article IV of the State Constitution of 1870 provides as follows:

"The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant, or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void; *Provided*, the General Assembly may make appropriations for expenditures incurred in suppressing insurrection or repelling invasion."

Paragraph 145, Subsection 3, Chapter 127 of the Illinois Revised Statutes of 1939 provides as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made."

It is very obvious that in applying Section 19, Article 4 of the Constitution of 1870, and Paragraph 145 above referred to, there is no legal basis on which this claim can be allowed.

The motion of the Attorney General to dismiss, is therefore allowed, and the case is hereby dismissed.

---

Chief Justice Damron did not participate and took no part in this decision.