(No. 3748— )

PETER J. ANGSTEN, ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

PHILLIP R. DAVIS AND OWEN V. JOHANNSEN, for claimants.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

*Per Curiam:*

This is a joint claim of Peter J. Angsten, August J. Hummert, Anton Johannson, Joseph Lisack, and A. M. Thompson for various sums of money allegedly due them for services rendered respondent as members of the Industrial Commission of the State of Illinois. Claimant Peter J. Angsten seeks an award of $14,208.60; August J. Hummert, of $9,858.90; Anton Johannsen, of $9,614.41; Joseph L. Lisack, of $9,619.05; and A. M. Thompson, of $7,994.54; making a total of $51,295.50.

The complaint alleges that the claimant, Peter J. Angsten, served as chairman of the Industrial Commission from January 27, 1933 to June 30, 1941; that his salary during this period was fixed by statute at $7,500.00 per year; that the Legislature, during this period, appropriated only $6,000.00 per year for payment of such salary.

The complaint also alleges that the claimant, August J. Hummert, served as a member of the Industrial Commission from January 27, 1933 to August 20, 1941; that the claimant, Anton Johannsen, served as a member of the Industrial Commission from May 10, 1933 to October

31, 1941; that the claimant, Joseph Lisack, served as a member of the Industrial Commission from February 21, 1941 to June 30, 1941; and that the claimant, A. M. Thompson, served as a member of the Industrial Commission from March 23, 1933 to December 31, 1940. It is alleged that the salary of each member of the Industrial Commission, during the respective periods, was fixed by statute at $6,000.00 per year; that during the respective periods, the Legislature appropriated only $5,000.00 per year for payment of each of such salaries. The appropriations were in the amounts fixed by the Civil Administrative Code for the salaries in question, but were not in the amounts provided for such salaries by the Workmen's Compensation Act.

The respondent has filed two motions to dismiss. The first motion is directed to that portion of the claim which is for services rendered prior to September 5, 1937. Section 10 of the Court of Claims Act provides:

"Every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrued two years from the time the disability is removed."

The complaint in this case was filed on September 5, 1942. That portion of the claim which is for services rendered prior to September 5, 1937, comes within this provision of the Statute; the motion must therefore be granted.

"Where it appears from the face of a claim that the same is barred by Statute of Limitations, a plea thereof will be sustained." *Miller* vs. *State*, 11 C. C. R., 490, *Ragains* vs. *State*, 8 C. C. R., 21, *Wiskirchen* vs. *State*, 7 C. C. R. 17.

The second motion, with supporting affidavits, is directed to that portion of the claim arising out of serv-

ices rendered subsequent to September 5, 1937. From the affidavits, it appears that each claimant, during his term of office, was paid his salary by warrants drawn on the State Treasurer, upon vouchers submitted; that the warrants specified they were for salary for stated periods of time and amounts; and that each warrant, upon proper endorsement, was subsequently paid by the State Treasurer. Respondent contends that the complaint should be dismissed because of claimants' acceptance of these monthly warrants.

Section 9, Sub-section 3, of "An Act in relation to State Finance," (Chap. 127, Ill. Rev. Stat., Sec. 145) provides:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made."

Under this provision of the statute, it was held in *Mills* vs. *State*, 9 C. C. R., 69, that a claimant cannot accept salary warrants, purporting to cover the full amount due him for services during stated periods, and thereafter, when his active service has ended, obtain an award from the State for an additional amount for those periods for which he had apparently been paid for services in full. In that case the claimant sought to recover the difference between the salary he had received as a member of the Industrial Commission under Section 5 of the Civil Administrative Code ($5,000.00 per year), and that fixed by Section 14 of the Workmen's Compensation Act, ($6,000.00 per year). The court there also held that the Civil Administrative Code, which became

effective July 1, 1917, and not the Workmen's Compensation Act, controlled and fixed the amount of the salaries of members of the Industrial Commission.

In the case of *Broderic, et al.* vs. *State,* 9 C. C. R., 461, similar claims were made by former arbitrators of the Industrial Commission. The court said:

"Claimants herein in each instance throughout their terms of service received regular monthly salary warrants from the State of Illinois, and accepted same from month to month as received. Regardless of any rights which they may have had to have demanded and received salary in any other amounts, claimants accepted said monthly warrants regularly through their term of service."

The Court held that the claimants, having accepted the monthly warrants, were barred by the Statute from obtaining any further payments of salary. The claims were denied.

In the case of *Novak* vs. *State,* 10 C. C. R., 258, it was held that the Civil Administrative Code, and not the Workmen's Compensation Act, controls and fixes the salaries of the Chairman and members of the Industrial Commission. The claimant, having received the salary fixed by the Civil Administrative Code for his services, an award was denied.

Counsel for claimants have filed full and persuasive briefs, but under the statute and the prior decisions of this court, the respondent's contention must be sustained. Whether the Civil Administrative Code or the Workmen's Compensation Act controls and fixes salaries of members of the Illinois Industrial Commission, claimants, by accepting salary warrants purporting to cover the full amount due them for their services during the stated periods, cannot now claim additional compensation for such services. Under the provision of ''An Act in relation to State Finance,'' supra, awards must be denied.

The respondent's motion to dismiss is therefore granted. Case dismissed.