(No. 3210—)

J. W. KLAPMAN, J. MARCOVITCH, J. L. RANES, C. F. RITCHIE, D. K. HUR, B. SKORODIN, K. H. TUTUNJIAN, N. G. BECKER, I. BERGER, J. L. CASS, J. R. HUNTER, A. LEARNER, S. W. REAGAN, A. H. GOLLMAR, LEAH LURIE, S. B. MEYERSON, N. B. FITSJERRELL, R. J. GRAFF, B. D. HART, C. F. POWELL, C. C. ROWLEY, C. TARNAWSKI, H. COSTEFF, E. P. DOMKE, L. Z. GORDON, L. RICH, M. D. ROBERTSON, L. B. SHAPIRO, I. TUROW, A. Y. YAZARIAN, C. H. ANDERSON, H. B. CARRIEL, E. A. CHAPMAN, E. I. FALSTEIN, I. FINKELMAN, B. L. GREENE, F. J. GRIFFIN, E. A. GUNDERSON, D. HAFFRON, J. R. JACOBSON, C. E. LENGYEL, J. MORGAN, H. H. NIERENBERG, J. RICKETTS, W. J. RILEY, M. A. SCHILLER, M. G. SCHROEDER, A. SIMON, D. L. STEINBERG, S. WICK AND G. A. WILTRAKIS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

*Rehearing denied January 12, 1944.*

*Petition to vacate order denying rehearing denied March 14, 1944.*

COLLINS, MCKENNA & MCCULLOUGH, for claimants.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The fifty-two above named claimants join in this claim seeking awards totalling $33,974.62, alleged to be due them for professional services rendered the respondent at various State institutions as senior physicians, junior physicians and assistant physicians during the years 1933, 1934, 1935, 1936 and the first half of 1937.

The complaint was filed on February 19, 1938, and alleges that the Illinois State Civil Service Commission had, prior to such periods, fixed the salaries of physicians and senior physicians at a minimum of $170.00 per month with an automatic increase of $5.00 per month on and after one year of service, and the salaries of junior physicians and assistant physicians at a minimum of $150.00 per month.

That during their respective employments, claimants were paid 10% less than their respective alleged minimum salaries.

That this reduction was made possible because the claimants and each of them executed to the respondent a

personal service compensation adjustment in 1933. This document, marked claimants' Exhibit 1 is in words and figures as follows:

"In consideration of the necessity of reducing governmental costs to correspond with the shrinkage in the general income, and in view of the decrease in the cost of living and the reduction in the pay of employees and workers in industry, I hereby voluntarily agree to accept the sum ————— monthly, in full compensation for personal services to the State of Illinois, effective February 1, 1933.

Date.................., 1933 ...............................

From the record it appears that claimants were paid approximately 10% less on salaries after the execution of the aforesaid compensation adjustment (Claimants' Exhibit 1). The complaint and bill of particulars attached thereto show that each claimant accepted the reduced salary paid him during the period involved. The claimants, through their counsel, take the position that they were Civil Service employees although the complaint does not establish that fact and say that their salaries, as fixed by the Civil Service Commission, are controlled by the said commission until action is taken to reduce or modify the employment status of an employee in the classified service and cite *Sec. 12 of Chap. 24½ Ill. Rev. Stat. 1937* to support this view.

The respondent takes the position that when the claimants signed waivers and accepted compensation for a less amount than that which they are alleged to have been entitled, it estopped them from prosecuting this claim and precludes them from an award for the alleged difference, relying on *Sub-par. 3 of Par. 145, Chap. 127, Ill. Rev. Stat. 1937* (State Finance Act) which provides:

"Amounts paid from appropriations for personal services of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated bal-

ances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made."

This Statute was in full force and effect during the term of the employment of the claimants and is controlling. If they were Civil Service employees as claimed by counsel, they still would be "employees of the State." They voluntarily entered into an agreement with the respondent reducing their salaries 10% and it was binding upon each claimant who signed said document. The claimants herein in each instance throughout the terms for which they seek an award received regular monthly salary warrants from the State of Illinois and accepted same from month to month as received, as shown by respondent's Exhibit 1-6, inclusive, and as was said in *Broderick et al,* vs. *State,* (9 C. C. R. 461), "Regardless of any rights which they may have had to have demanded and received salaries in any other amounts, claimants accepted said monthly warrants regularly through their term of service . . .."

We hold that the decisions of this court in *Broderick* vs. *State, supra,* and *Mills* vs. *State,* (9 C. C. R. 69) are controlling in the instant claim, and that claimants are, and each of them is barred from securing an award.

The complaint is dismissed.