(Nos. 3882 and 3883 consolidated— ▮▮▮▮▮▮▮▮)

JOHN SHIELDS AND ELDON GRUBER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

EDWARD J. FLYNN, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

The claimants, John Shields and Eldon Gruber, were employed by the respondent on April 1, 1942, as plumbers and steam fitters, and assigned to work at the Illinois State School for the Blind at Jacksonville, Illinois. They allege in their respective complaints that they were entitled to pay at the prevailing rate for such services in

the community of Jacksonville, Illinois; that the prevailing rate was the Union scale of wages of $1.70 per hour; that they received $1.25 per hour from April 1, 1942, to July 1, 1942; that they are entitled to the difference between $1.25 per hour and $1.70 per hour for the hours worked during that period; that they worked 530 hours each; and that they are each entitled to additional wages in the amount of $240.00.

Respondent has filed its motion to dismiss on the ground that the complaints do not allege that the claimants performed services for the respondent for which compensation has not been received.

Section 19, Article IV of the State Constitution of 1870, provides as follows:

"The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreement or contracts shall be null and void; Provided, the General Assembly may make appropriations for expenditures incurred in suppressing insurrection or repelling invasion."

Paragraph 145, Sub-section 3, Chapter 127 of the Illinois Revised Statutes 1943, provides as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates spcified in the pay roll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made."

The court has repeatedly held that where an employee of the State receives and accepts regular salary warrants for personal services, such warrants shall be

considered full payment for all services rendered be- tween the dates specified in the pay roll, or other voucher, and no additional sum can be paid such employee. *Gholson* vs. *State*, 12 C. C. R. 26; *Klapman, et al.*, vs. *State*, 13 C. C. R. 139.

Respondent's motion is therefore granted; claims dismissed.