(No. 77-CC-2502-

SUE C. CHRISTIAN *et al.,* Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 30, 1979.*

SUE C. CHRISTIAN, KATHLEEN A. SMITH, and MARIELLA METZ, *pro se,* for Claimants.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This is a claim for retroactive payment for half-hour lunch breaks which were by contract to have been uninterrupted but which, by admission of the Department of Mental Health and Developmental Disabilities, were in fact not uninterrupted. The period of time in question for which claim is being made was November 1, 1976, through June 30, 1977.

The issues to be decided by this Court are whether this amounts to a claim for additional payment for work already performed for which remuneration had already been made contrary to section 9 of the Finance Act (Ill. Rev. Stat., ch. 127, par. 145), and if this is such a payment as to whether the statute excludes this payment from its general prohibition against back pay.

In the course of this claim, the Attorney General submitted a comprehensive stipulation which points up the many areas for consideration in a claim of this nature. Rather than elaborate ourselves on these areas, the stipulation is reproduced in full as follows:

"Now comes the Respondent, by William J. Scott, Illinois Attorney General, William E. Webber, Assistant Attorney General of Record, and stipulates to the following:

1. This claim is for retroactive payment for half-hour lunch breaks which were by contract to have been uninterrupted but which by admission of the Department of Mental Health and Developmental Disabilities were not in fact uninterrupted, said lunch breaks having occurred between the dates of November 1, 1976 and June 30, 1977.

2. Section 8 of the Personnel Code provides that the director (Personnel) shall prepare, and submit to the Civil Service Commission, rules for all positions and employees subject to the Act. The rules so promulgated do not deal with the subject of this claim (uninterrupted lunch breaks).

3. Section 9(7) of the code empowers the director to conduct negotiations as to pay, hours of work, or other working conditions of employees subject to the Act. It, therefore, follows that the question of paying additional straight time for interrupted lunch periods is a proper subject for negotiation and inclusion in a collective bargaining agreement.

4. The contract of employment in question was an agreement by and between the Illinois Nurses Association on behalf of the Claimants and the Illinois Department of Personnel, said contract being commonly known as RC-23.

5. The effective date of the RC-23 contract, as evidenced by the excerpts from the Agreement attached hereto and made a part hereof as Exhibit A, was November 1, 1976.

6. Article V, Section 2 of said contract provided as follows:

'Work schedules shall normally provide for the work day to be broken at approximately midpoint by an uninterrupted, unpaid meal period of not less than 30 minutes and no more than one hour. However, this shall not preclude work schedules which provide for a working paid meal period. Employees who normally receive an unpaid meal period and are required to work during that period and receive no equivalent time off during the same shift, shall have such time treated as hours worked and shall be paid at the appropriate straight or overtime rate, whichever is applicable.

Present practices regarding eating while on duty during paid meal periods shall remain in effect.'

7. The departmental report which is being simultaneously submitted with this report pursuant to Rule 14 of this Court states that the employees in question 'grieved that they were not provided an uninterrupted one-half hour lunch period and the result of the grievance was that they should be paid.'

8. Answer No. 6, of the departmental report establishes that there was an insufficient amount of money returned to the Treasury in the line item out of which this would normally have been paid but that funds were available in other line item appropriations which could have been transferred for the payment of these claims.

9. Section 9 of the "Finance Act" (Ill. Rev. Stat., ch. 127, par. 145) provides, in part, as follows: (paraphrased)

'Amount paid from appropriations for personal service of any officer or employee of this State ° ° ° shall be considered as full payment for all services rendered between the dates specified in the payroll ° ° ° and no additional sum shall be paid ° ° ° which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments ° ° ° based upon the effective date of a collective bargaining agreement between the State, or a State agency

and an employee group shall not be construed as an additional payment for work already performed.'

10. The issues to be decided by this Court are as follows:

A. Does this claim amount to a claim for 'an additional payment for work already performed and for which remuneration had already been made.'

Respondent thinks not.

B. Does the exception stated in Section 9 of the Finance Act pertaining to claims based upon the effective date of a collective bargaining agreement exclude this claim from the prohibition against retroactive pay contained in the first part of the statute?

Respondent thinks that it does.

11. Historically this Court has interpreted this statute in such a way as to enunciate the principle that acceptance of a payroll warrant for a given payroll period precludes further payment for that payroll period. This principle has been enunciated by this Court in at least the following cases:

John W. Clayton v. State, 21 Ill. Ct. Cl. 321;
Shields & Gruber v. State, 14 Ill. Ct. Cl. 136;
Klapmen, et al. v. State, 13 Ill. Ct. Cl. 139;
Agsten, et al. v. State, 13 Ill. Ct. Cl. 7;
Hollander, et al. v. State, 14 Ill. Ct. Cl. 40, 43;
Gholsen v. State, 12 Ill. Ct. Cl. 26;
Smith v. State, 11 Ill. Ct. Cl. 374;
Novak v. State, 10 Ill. Ct. Cl. 258;
Broderic v. State, 9 Ill. Ct. Cl. 69;
Mills v. State, 9 Ill. Ct. Cl. 69;
Hunter v. State, 9 Ill. Ct. Cl. 1.

The Attorney General has, however, in opinion S-643 held that a claim for overtime pay not included on the payroll warrants for a given period was not excluded, because it did not constitute 'an additional payment for work already performed and for which remuneration had already been made'.

Respondent suggests that the pay sought in this claim is analogous to straight rate overtime.

Wherefore, Respondent respectfully suggest that an award in this case would not be contrary to any of the above considered rules or statutes of this State.

NOTE: This stipulation refers only to the Claimants' claims for overtime pay, and the claims of Kathleen Smith (now renumbered as 77-CC-2502A) and Mariella Metz (now renumbered as 77-CC-2502B) for temporary assignment pay are not affected thereby."

We agree with the position taken by the Attorney General that the subject matter of the claim is analogous to straight time overtime, that it is not additional payment for work already performed for which remunera-

tion had already been made, inasmuch as they were not paid previously for each of these overtime periods, that it was therefore not prohibited by Ill. Rev. Stat., ch. 127, par. 145, and that it was a proper subject for collective bargaining by the director of personnel.

It is therefore ordered that an award be granted to each of the Claimants as set forth in the Departmental Report subject to appropriate legal additional benefits for retirement and FICA along with the appropriate and legal deductions and withholdings for retirement, FICA and Federal and State taxes.